**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALESSI & KOENIG, LLC, | |
| Plaintiff, | Case No.: 2:15-cv-01946-GMN-VCF |
| vs. | |
| | **ORDER** |
| CHOY C. PALO, *et al.*, | |
| Defendants. | |
| BANK OF AMERICA, N.A., *et al.*, | |
| Counter-Claimants, | |
| vs. | |
| COLLEGIUM FUND, LLC SERIES #24, *et al.*, | |
| Counter-Defendants. | |
| COLLEGIUM FUND, LLC SERIES #24, *et al.* | |
| Counter-Claimants, | |
| vs. | |
| CHOY C. PALO, et al., | |
| Counter-Defendants. | |

Pending before the Court is the Motion to Remand (EFC No. 6) filed by Collegium Fund, LLC Series #24 ("Collegium"). Federal National Mortgage Association ("Fannie Mae") filed a Response (ECF No. 13), and Collegium filed a Reply (ECF No. 16). However, because

the Court finds that the Supreme Court's decision in *Lightfoot v. Cendant Mortg. Corp.*, No. 14-1055, 2016 WL 3496734 (U.S. June 28, 2016) is dispositive in determining whether jurisdiction exists in this matter, the case is **STAYED** pending the Supreme Court's decision in *Lightfoot*, and Collegium's Motion to Remand is **DENIED without prejudice**.

I.  **BACKGROUND**

    A.  **Procedural History**

This state-law interpleader action arises out of a foreclosure sale of real estate located at 5755 Ancient Agora Street, North Las Vegas, Nevada 89031 ("Property"), which yielded excess funds. (*See* Pet. for Removal ¶ 4, ECF No. 1). Maravilla Homeowners Association ("HOA") contracted with Plaintiff Alessi & Koenig, LLC ("A&K") to collect debts owed to HOA by Defendants Choy C. Palo and Reichelle Palo (collectively the "Palos") related to the Property. (Compl. ¶ 15, ECF No. 1-2). The collection action ultimately resulted in an HOA foreclosure of the Property on November 6, 2013. (*Id.* ¶ 16). After paying HOA its dues owed, and after retaining for itself the fees and costs to bring this action, A&K was left with $8,342.88 (the "Funds") in which it claims no further interest. (*Id.* ¶ 19).

On March 28, 2014, Alessi & Koenig filed this interpleader action in Nevada state court against the Palos and Bank of America, N.A. ("BANA") seeking declaratory relief regarding the priority of claims to the Funds. (*See id.*). Shortly thereafter, the state district court granted BANA's motion to join the purchaser at the HOA foreclosure, Collegium Fund LLC #24 ("Collegium"), as a necessary party. (Pet. in Removal ¶ 2, ECF No. 1). BANA answered A&K's Complaint and counterclaimed against Collegium for quiet title and declaratory relief that Collegium purchased the Property subject to the Deed of Trust encumbering the Property. (BANA's Ans. and Countrcls., ECF No. 1-4). Further, BANA assigned its interest in the Deed of Trust to Fannie Mae. (Fannie Mae's Ans. ¶ 13, ECF No. 4). Collegium answered BANA's counterclaims, added Fannie Mae as a counter-defendant, and brought its own counterclaims

against the Palos, BANA, and Fannie Mae for quiet title, declaratory relief, unjust enrichment, and injunctive relief. (Collegium's Ans. and Countercls., ECF No. 1-5).

On October 8, 2015, Fannie Mae filed a Petition for Removal (ECF No. 1) to remove the state court action to federal court pursuant to the Ninth Circuit's holding in *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 682 (9th Cir. 2014). *Lightfoot*, 769 F.3d at 682 ("The sue-and-be-sued clause in Fannie Mae's federal charter confers federal question jurisdiction over suits in which Fannie Mae is a party."). Collegium subsequently filed the instant Motion to Remand. (*See* Mot. to Remand, ECF No. 6).

### B. The Supreme Court's Pending *Lightfoot* Decision

After Collegium filed its Motion, the Supreme Court granted certiorari in *Lightfoot v. Cendant Mortg. Corp.*, No. 14-1055, 2016 WL 3496734 (U.S. June 28, 2016). The question the Supreme Court will resolve in *Lightfoot* is whether the phrase "to sue and be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal" in Fannie Mae's charter confers original jurisdiction over every case brought by or against Fannie Mae to the federal courts. 12 U.S.C. § 1723a(a). A split panel of the Ninth Circuit answered the question in the affirmative. *Lightfoot v. Cendant Mortg. Corp.*, 769 F.3d 681, 682 (9th Cir. 2014).

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible

damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### III.   DISCUSSION

The *Lightfoot* decision will directly impact whether, as a matter of law, the Court has jurisdiction over this case. Specifically, Fannie Mae argues "that [*Lightfoot*] controls the jurisdictional inquiry in this circuit."[1] (Resp. 5:19–20, ECF No. 13). Further, Collegium "concedes that the Ninth Circuit *Lightfoot* decision grants [Fannie Mae] an opportunity to seek removal to federal court." (Mot. for Remand 6:2–3, ECF No. 6). Under this circumstance, the *Landis* factors weigh strongly in favor of staying this action pending the *Lightfoot* decision. Indeed, the possible prejudice to the parties is minimal as the *Lightfoot* decision will likely be issued within the next year per the Supreme Court's customary practice. Judicial resources also may be unnecessarily expended reviewing the adequacy of the pleadings and resolving discovery disputes in a case that the Court may not have subject matter jurisdiction to entertain. Because the *Lightfoot* decision is squarely on point, the orderly course of justice likewise

---

[1] Although Collegium argues in its Motion to Remand that diversity jurisdiction is absent in this case, (Mot. to Remand 14:3–15:16), Fannie Mae declined to respond to the diversity issue which it deemed "irrelevant," (Resp. 5:19 n.1, ECF No. 13). The Court, however, finds that diversity jurisdiction is doubtful in this case. *See Mesa Indus., Inc. v. Eaglebrook Products, Inc.*, 980 F. Supp. 323, 326 (D. Ariz. 1997) ("Moreover, the great weight of authority favors Plaintiff's position that the amount of a counterclaim may not be considered in determining the amount in controversy."). Because *Lightfoot* appears to provide the only path to jurisdiction in this Court, a stay pending resolution of that case is warranted.

weighs in favor of a stay.  Accordingly, the Court finds that staying this action until the Supreme Court issues an opinion in *Lightfoot* would be efficient for the Court's own docket and the fairest course for the parties. *See Leyva*, 593 F.2d at 863.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Collegium's Motion to Remand (ECF No. 6) is **DENIED without prejudice** with permission to renew within thirty days of the Supreme Court's decision in *Lightfoot*.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending a decision of the Supreme Court in *Lightfoot*.  Beginning on October 25, 2016, the parties must submit a joint status report updating the Court on the status of this case every ninety days.

**DATED** this __26__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge