# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALESSI & KOENIG LLC,

        Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*,

        Defendants.

Case No.: 2:15-cv-01946-GMN-GWF

**ORDER**

Pending before the Court is the Second Motion to Remand, (EFC No. 22), filed by Counter Claimant Collegium Fund, LLC Series #24 ("Collegium Fund"). Defendants Federal National Mortgage Association ("Fannie Mae") and Bank of America, N.A., (collectively "Defendants") filed a Response, (ECF No. 23), and Plaintiff filed a Reply, (ECF No. 24). For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**.

## I.    BACKGROUND

This case comes before the Court through the Petition for Removal, (ECF No. 1), filed by Fannie Mae. Plaintiff Alessi & Koenig, LLC, first filed this action in state court on March 28, 2014, seeking to quiet title to the real property located at 5755 Ancient Agora Street, North Las Vegas, NV 89031. (Ex. A to Pet. for Removal ("Compl."), ECF No. 1-2). Fannie Mae removed the action to this Court pursuant to 28 U.S.C. § 1331, citing to the Ninth Circuit Court of Appeals' decision in *Lightfoot v. Cendant Mortgage Corp.*, 769 F.3d 681, 683 (9th Cir. 2014). (Pet. for Removal ¶ 11).

On January 18, 2017, the Supreme Court overturned the Ninth Circuit, holding that Fannie Mae's authority to "sue and to be sued, and to complain and to defend in any court of competent jurisdiction, State or Federal," does not confer federal jurisdiction over all cases

involving Fannie Mae. *Lightfoot*, 137 S.Ct. at 558. Rather, the Court found that Fannie Mae's charter "permits suit in any [state or] federal court *already endowed* with subject-matter jurisdiction over the suit." *Id.* at 561 (emphasis added). Thus, where removal is based solely on the "sue or be sued" clause in its charter, Fannie Mae fails to establish that a federal district court has jurisdiction over the suit. *Id.* at 564–65. In the instant Motion, Collegium Fund seeks to remand this case back to state court based on *Lightfoot*. (*See generally* Mot. to Remand, ECF No. 22).

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). In evaluating diversity jurisdiction, the defendant has the burden of overcoming the "strong presumption" against removal. *Gaus*, 980 F.2d at 566.

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Under 28 U.S.C. § 1331, a federal district court has original jurisdiction over all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may not be removed to federal court on the basis of a federal defense." *Id.* at 393.

**III.    DISCUSSION**

Defendants argue that even after *Lightfoot*, the Court retains jurisdiction because it had independently valid justifications for jurisdiction at the time of removal. (Resp. 4:19–24, ECF No. 23). Specifically, Defendants assert that federal question jurisdiction exists under the coercive action doctrine and 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar").

Generally, federal question jurisdiction turns on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983). A narrow exception to this rule exists, however, in the context of certain "coercive" actions for declaratory judgment. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). In such instances, courts look to both the plaintiff's complaint and the "character of the threatened action" in considering federal question jurisdiction. *Id.* "That is to say, they ask whether 'a coercive action' brought by 'the declaratory judgment defendant . . . would necessarily present a federal question.'" *Id.* (quoting *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 19).

A common application of this doctrine occurs in suits between patent holders and alleged patent infringers. *See, e.g.*, *Medtronic Inc.*, 134 S. Ct. at 843. In such suits, an alleged infringer may file an action seeking a declaratory judgment that he is not violating any patents, or that the patents at issue are invalid. Because this declaratory judgment is meant to defend against an eventual claim against the plaintiff for patent infringement, federal courts have consistently recognized jurisdiction on the theory that an infringement suit by the defendant

would clearly raise a federal question. *See Franchise Tax Bd. of State of Cal.*, 463 U.S. at 27 n.19.

In this case, Fannie Mae argues that it—like the defendant in *Medtronic*—is a defendant in a declaratory judgment suit who had a viable and related federal claim against Plaintiff. (Resp. 6:19–25). Specifically, Fannie Mae argues that it "could have asserted a declaratory judgment claim against Collegium, seeking recognition that the HOA Sale did not extinguish the Deed of Trust." (*Id.* 6:12–13). According to Fannie Mae, these claims would have been proper in federal court under the Federal Foreclosure Bar. (*Id.* 6:19–25).

The "threatened actions" that Fannie Mae identifies are distinguishable from the "coercive action" framework detailed above. Declaratory actions, such as a claim for quiet title, do not implicate the same considerations as coercive actions.[1] *See Medtronic Inc.*, 134 S. Ct. at 848. Notably, the unique nature of declaratory actions (i.e. that they are often used to establish a defense to an impending coercive suit) is what gave rise to the coercive action doctrine in the first place. *See Thunder Props., Inc. v. Treadway*, 2017 WL 899961, at *3 (D. Nev. Mar. 7, 2017). At its core, the doctrine emerged to *prevent* declaratory judgment plaintiffs from litigating in federal court in order to establish defenses for state court. *See Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952) ("Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.").

The distinction between a coercive suit and a declaratory suit is a meaningful one: "In the declaratory judgment context, whether a federal question exists is determined by reference to a hypothetical *non-declaratory* suit (i.e., a suit for coercive relief) between the same parties."

---

[1] Fannie Mae points out, and the Court notes, that the Ninth Circuit has referred to quiet title actions as coercive in passing. Nonetheless, this does not change the declaratory nature of quiet title claims. *See, e.g., Samuel C. Johnson 1988 Trust v. Bayfield County, Wis.*, 649 F.3d 799 (7th Cir. 2011) ("[Q]uiet title is functionally a form of declaratory-judgment action").

*Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012) (emphasis added); *see also Koniag, Inc. v. Andrew Airways, Inc.*, 2014 WL 4926344, at *3 (D. Alaska Sept. 30, 2014) (approvingly citing *Chase Bank*, and determining that declaratory actions are distinct from coercive ones under the *Medtronic* framework).

Here, the face of the Complaint contains only claims based on state law, and Fannie Mae has not convincingly shown an exception to the well-pleaded complaint rule. Rather, this case more closely resembles the "settled law that a case may not be removed . . . on the basis of a federal defense," than the doctrine described in *Medtronic*, where a request for declaratory judgment is closely related to a viable federal coercive claim. *See Thunder Props., Inc.*, 2017 WL 899961, at *3 (rejecting Fannie Mae's argument that the coercive action doctrine establishes federal jurisdiction in a similar case). Accordingly, the Court finds that Defendants have failed to establish federal question jurisdiction in this action.[2]

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Collegium Fund's Motion to Remand, (ECF No. 22), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this 18 day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[2] This determination does not run afoul of the Notice of Bankruptcy, (ECF No. 20), filed on behalf of Alessi & Koenig LLC. *See Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 756 (9th Cir. 1995) (holding that the automatic stay is not violated when deciding a motion to dismiss as long as the determination regarding dismissal does not involve the merits of the case); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 63 n.1 (9th Cir. 2011).